UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2004 MAR 15 A 11:48

U.S. DISTRICT COURT
HARTFORD, CT.

ANN KENNEDY FULCO, SUCCESSOR :
TRUSTEE, ESTATE OF JOSEPH NEGRO :
TRUST UNDER WILL FOR THE BENEFIT:
OF LEONTINA NEGRO, :
:
    Plaintiff, :
:
V. : CASE NO. 3:02-CV-2228(RNC)
:
GEORGE A. NEGRO, ANDREW :
RICHARDSON, CHAPTER 7 TRUSTEE :
IN RE GEORGE A. NEGRO, DEBTOR, :
:
    Defendants. :

### RULING AND ORDER

Plaintiff Ann Kennedy Fulco brought this statutory interpleader action pursuant to 28 U.S.C. § 1335, seeking a determination of whether defendant George Negro ("Negro") or his bankruptcy estate is entitled to Negro's interest in a family trust. Defendant Andrew Richardson, the bankruptcy trustee ("bankruptcy trustee"), moves for summary judgment on the ground that a prior determination by the bankruptcy court is binding.[1] The motion is granted.

### Background

Plaintiff was appointed by the Probate Court for the District of Andover, Connecticut to act as successor trustee of a

---

[1] The bankruptcy trustee argues in the alternative that Negro's contingent interest in the trust became property of the bankruptcy estate at the time that he filed for bankruptcy. Because the bankruptcy court's prior determination is binding, it is unnecessary to reach the alternate ground raised by the bankruptcy trustee.

trust established by the will of Joseph Negro, Negro's father.[2] The trust designated Joseph Negro's wife, Leontina Negro, as a life beneficiary, and was distributable upon her death to their three sons, including Negro.

In 1993, Negro filed a bankruptcy petition in the United States Bankruptcy Court for the District of Rhode Island, listing his contingent interest in the trust on his schedule of assets. (Def.'s Local Rule 56(a)(1) Stmt., Ex. 2, Sched. B.)  In 1997, the bankruptcy trustee filed a motion in the bankruptcy court seeking a determination of Negro's interest in the trust. (Compl., Ex. B.)  The court granted the motion, determining Negro's interest in the trust to be an asset of the bankruptcy estate.

Leontina Negro died on February 5, 2002.  Shortly thereafter, during probate court proceedings, Negro purported to disclaim his interest in the trust established by his father's will.  The bankruptcy trustee, in response to Negro's disclaimer, filed a motion with the bankruptcy court seeking, in essence, a reassertion of the court's earlier determination that Negro's interest in the trust was an asset of the bankruptcy estate and an order restraining Negro from interfering with the administration of the bankruptcy estate.  The court granted the motion and issued an order declaring its previous order final and declaring Negro's purported disclaimer to be null and void. (Compl., Ex. C.)  Plaintiff then brought this interpleader action

---

[2] Joseph Negro died on September 9, 1968.

to obtain a resolution of the conflicting claims asserted by Negro and the bankruptcy trustee to Negro's share of the trust proceeds.

Discussion

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979). A judgment in a prior action collaterally estops parties from relitigating an issue if "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits. Carney v. Phillipone, 332 F.3d 163, 170-71 (2d Cir. 2003).

All four prongs of this test are satisfied. The bankruptcy court addressed the same issue presented here, whether Negro's contingent interest in the trust became property of the bankruptcy estate when he filed for bankruptcy. The issue was actually litigated and decided, there was a full and fair opportunity to litigate, and the court's decision was necessary to the eventual resolution of the bankruptcy action. The finality of the decision is not so obvious because it resolved only a part of the bankruptcy case. However, in the context of

the doctrine of collateral estoppel, finality "may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80, 89 (2d Cir. 1961), cert. denied, 368 U.S. 986 (1962). Whether a ruling is sufficiently final to bar relitigation depends on "such factors as the nature of the decision (i.e. that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review." Id. There was nothing tentative about the bankruptcy court's decision and its order was appealable. See In re Saco Local Dev. Corp., 711 F.2d 441 (1st Cir. 1983)(discussing the more flexible concept of finality for purposes of appeal in bankruptcy cases). Therefore, the bankruptcy court's decision was sufficiently final for collateral estoppel to apply.

Accordingly, the bankruptcy trustee's motion for summary judgment is hereby granted.[3]

So ordered.

Dated at Hartford, Connecticut this 13th day of March 2004.

                                        Robert N. Chatigny
                                      United States District Judge

---

[3] Because the grant of summary judgment will dispose of the entire action, it is unnecessary for the court to direct the entry of final judgment pursuant to Fed. R. Civ. P. 54(b).

4