Exhibit
A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ann Kennedy Fulco, Successor Trustee, )<br>Estate of Joseph Negro, Trust under will, )<br>for the benefit of Leontina Negro, et al., )<br> )<br>Plaintiff )<br> )<br>v. )<br> )<br>George A. Negro and Andrew S. Richardson, )<br>Chapter 7 Trustee In re George A. Negro, )<br>Debtor, )<br>Defendants. ) | Civil Action No. 302CV2228 RNC<br><br><br>December 16, 2002 |

## MOTION FOR LEAVE TO DEPOSIT FUNDS
## INTO THE REGISTRY OF THE COURT AND FOR OTHER RELIEF

Plaintiff Ann Kennedy Fulco, Successor Trustee, ("Plaintiff"), hereby moves this Court pursuant to Rule 67 of the Federal Rules of Civil Procedure for an order (i) permitting her to deposit the sum of $ 297,496.00 (the "Deposit Amount") into the registry of the Court; (ii) awarding her attorneys' fees and costs incurred in commencing the above-captioned interpleader from the Deposit Amount; (iii) discharging her from any further liability with respect to the Deposit Amount and enjoining Defendants from bringing any action against her concerning the Deposit Amount; and (iv) making provision for the possible deposit of accrued interest and a portion of the Trust Reserve defined below (the "Additional Funds"). Except as otherwise defined in this Motion, all defined terms used in this Motion are as set forth in the Complaint.

In support of this Motion, Plaintiff represents as follows:

1.  On December 16, 2002, Plaintiff initiated an action for interpleader as to the right to the Trust Distribution from the Joseph Negro Trust by filing a Complaint for Statutory Interpleader. The Trust Distribution consists of the Deposit Amount of $297,496.00, which is the distribution ordered by the Andover Probate Court (the "Probate Court"), plus a portion of accrued interest and reserve amount held by the Plaintiff in the Trust for administrative costs and taxes attributable to trust income (the "Additional Funds").

2.  As a condition of proceeding with interpleader and as a condition for the assertion of subject matter jurisdiction over the interpleader claim, 28 U.S.C. § 1335(a)(2) requires that the sums in dispute be deposited into the registry of the court.

3.  Plaintiff makes no claim to the Deposit Amount.

4.  Presently, Plaintiff is holding in the Trust a reserve in the amount of $9,010.13 (the "Trust Reserve") plus accrued interest over and above the Deposit Amount.

5.  The Trust Reserve is being held by Plaintiff as trustee as a reserve to pay for the cost of preparing tax returns and to pay any taxes owed by the Trust. After paying taxes and administrative expenses for the preparation of the returns, Defendants in this action may have a claim against the portion of the Trust Reserve attributable to Defendant Negro's Trust Distribution (defined in Complaint).

6.  Plaintiff makes no claim for any part of the Trust Reserve, except for the portion of that Trust Reserve attributable to taxes that she is obligated to pay from the Trust for the 2002 tax year, costs associated with filing returns for those taxes, and distributions attributable to beneficiaries of the Trust other than Defendant Negro. These

amounts have not been fixed. Plaintiff anticipates these amounts will be fixed upon the preparation and filing of income tax returns for the Trust in early 2003 and the approval of a final distribution of the Trust by the Probate Court. Plaintiff will file a supplemental motion seeking to deposit the accrued interest and portion of the Trust Reserve attributable to Defendant Negro's Trust Distribution (the "Additional Funds") when that figure is fixed.

7. Plaintiff has no interest in which of the parties asserting adverse claims against the Deposit Amount or the Additional Funds recovers all or any proportion of the sums sought to be deposited. Since Plaintiff has no further interest in the Deposit Amount or the Additional Funds and seeks to be discharged from this action, the deposit of the disputed sums is a precondition to that discharge.

8. The sum sought to be deposited, the Deposit Amount of $ 297,496.00 plus the Additional Funds, represents the highest amount sought by any of those asserting adverse claims against property or moneys currently held by Plaintiff, and is, therefore, the proper amount to be deposited with the Court for the purposes described above.

9. Plaintiff will file a supplemental motion in this Court addressing the portion of the Trust Distribution over and above the Deposit Amount, to account for accrued interest and the final distribution of the Trust Reserve.

10. Plaintiff has incurred attorneys' fees and costs to commence the above-captioned interpleader action. By this Motion, Plaintiff seeks an award of these attorney's fees and costs from the Deposit Amount. Plaintiff will file an affidavit setting forth her fees and costs prior to a hearing on this Motion.

11. Plaintiff respectfully requests that Plaintiff be discharged from any further

3

liability with respect to the Deposit Amount and the Additional Funds and that this Court

enjoin the Defendants from bringing any action against her with respect to these amounts.


Dated this 16th day of December, 2002 at East Hartford, Connecticut.

> **Ann Kennedy Fulco, Successor Trustee**
> **Estate of Joseph Negro, Trust**
>
> By: _____
> Ann Kennedy Fulco, Esq.
> Attorney at Law
> 111 Founders Plaza, Suite 1706
> East Hartford, CT 06108
> (860) 289-9358
> Fax: (860) 289-6210
> Federal Bar Number: CT 24268



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ann Kennedy Fulco, Successor Trustee,<br>Estate of Joseph Negro, Trust under will,<br>for the benefit of Leontina Negro, et al., ) ) ) ) | |
| Plaintiff ) | |
| ) | **302 C V 2 2 2 8** ~~RNC~~ |
| v. ) | Civil Action No. _____ |
| George A. Negro and Andrew S. Richardson, )<br>Chapter 7 Trustee In re George A. Negro, )<br>Debtor, ) | December 16, 2002 |
| Defendants ) | |

## MOTION FOR LEAVE TO DEPOSIT FUNDS
## INTO THE REGISTRY OF THE COURT AND FOR OTHER RELIEF

Plaintiff Ann Kennedy Fulco, Successor Trustee, ("Plaintiff"), hereby moves this

Court pursuant to Rule 67 of the Federal Rules of Civil Procedure for an order (i)

permitting her to deposit the sum of $ 297,496.00 (the "Deposit Amount") into the

January 21, 2003.   Fulco v. Negro 3:02CV2228  (RNC)

Re: Motion for Leave to Deposit Funds into the Registry of the Court and for
Other Relief [Doc. #3]

Plaintiff's motion to deposit the sum of $297,496.00 into the registry of the
court is granted.  The motion for fees and costs is denied without prejudice.
This motion should be submitted with a supporting memorandum and affidavit,
and the court will rule on the motion when it is presented in such a form.
The motion for an order discharging plaintiff from liability and enjoining
defendants from bringing an action concerning the deposit amount is denied
without prejudice pending further proceedings.  The motion to make provision
for the possible deposit of additional funds into the registry of the court
is denied without prejudice to refiling when the sum of the additional funds
becomes fixed.  So ordered.

Robert N. Chatigny, U.S.D.J.

Exhibit
B



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ann Kennedy Fulco, Successor Trustee, )<br>Estate of Joseph Negro, Trust under will, )<br>for the benefit of Leontina Negro, et al., )<br>  )<br>Plaintiff )<br>  )<br>v.  )<br>  )<br>George A. Negro and Andrew S. Richardson, )<br>Chapter 7 Trustee In re George A. Negro, )<br>Debtor, )<br>  )<br>Defendants )  | Civil Action No. 302 CV 2228 (RNC)<br><br>August 1, 2003 |

## SECOND MOTION FOR LEAVE TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT, FOR ATTORNEY FEES AND FOR OTHER RELIEF

Plaintiff Ann Kennedy Fulco, Successor Trustee, ("Plaintiff"), hereby moves this Court pursuant to Rule 67 of the Federal Rules of Civil Procedure and 28 U.S.C., § 1335 and § 2361 for an order (i) permitting her to deposit the sum of $ 5,933.77 (the "Final Deposit"), less attorneys' fees and costs in the amount of $1,811.14 (for a net amount of $ 4,122.63) into the registry of the Court; (ii) awarding her attorneys' fees and costs incurred in commencing the above-captioned interpleader in the amount of $ 1,811.14; (iii) discharging her from any further liability with respect to the Final Deposit and the funds on deposit with this Court pursuant to the Order of January 21, 2003 granting the Plaintiff's motion to deposit the sum of $297,496.00 (collectively, the "Deposited Funds"); and (iv) enjoining Defendants from bringing any action against her concerning

the Deposited Funds.  In support of this Motion, the Plaintiff refers to the Memorandum

of Law and Affidavit filed contemporaneously with it.

Dated this 1st day of August, 2003 at East Hartford, Connecticut.

**Ann Kennedy Fulco, Successor Trustee**
**Estate of Joseph Negro, Trust**

By: _____
Ann Kennedy Fulco, Esq.
Attorney at Law
35 Bancroft Road
East Hartford, CT 06118
(860) 206-0788
Fax:  (860) 206-0788
Federal Bar Number:  CT 24268

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ann Kennedy Fulco, Successor Trustee, )<br>Estate of Joseph Negro, Trust under will, )<br>for the benefit of Leontina Negro, et al., )<br>    )<br>                        Plaintiff    )<br>    )<br>v.                        )<br>    )<br>George A. Negro and Andrew S. Richardson, )<br>Chapter 7 Trustee In re George A. Negro, )<br>Debtor, )<br>                        Defendants____ ) | Civil Action No. 302 CV 2228 (RNC)<br><br>August 1, 2003 |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR LEAVE TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT, FOR ATTORNEY FEES AND FOR OTHER RELIEF

Plaintiff Ann Kennedy Fulco ("Plaintiff") files this Memorandum of Law in support of the Second Motion for Leave to Deposit Funds into the Registry of the Court, for Attorney Fees and for Other Relief (the "Motion").

On December 17, 2002, Plaintiff initiated this action for interpleader as to the right to the Trust Distribution from the Joseph Negro Trust by filing a Complaint for Statutory Interpleader. As alleged in Plaintiff's Complaint, Joseph Negro died on September 9, 1968 and established by his will a trust (the "Trust") for the benefit of his wife, Leontina Negro, for her life. That will provides that the Trust shall be distributed at Leontina Negro's death to the three sons of Joseph Negro. Leontina Negro died on February 5, 2002. George Negro is one of the three sons of Joseph Negro. George

ORAL ARGUMENT IS NOT REQUESTED

Negro and the Bankruptcy Trustee of George Negro's Bankruptcy estate, Defendants to this interpleader action, both claim George Negro's distributive share of the Trust. By Decree dated August 2, 2002, the Probate Court of Andover authorized the Plaintiff to commence this interpleader action to resolve the dispute over the George Negro distributive share. A copy of the Andover Probate Court Decree approving the final account and authorizing the commencement of the interpleader action is attached to the Affidavit of Ann Kennedy Fulco filed in support of this Memorandum (the "Fulco Affidavit") as Exhibit A.

On December 17, 2002, Plaintiff filed a Motion for Leave to Deposit Funds into the Registry of the Court and for other Relief. This Court granted Plaintiff's motion to deposit the sum of $297,496.00 (the "Deposit Amount") into the registry of the Court by Order of January 21, 2003. A motion to make provision for additional funds into the registry of the Court was denied without prejudice to refiling when the sum of the additional funds became fixed.

Plaintiff has completed her duties as Trustee of the Joseph Negro Trust. Plaintiff has finally accounted to the Probate Court on June 13, 2002. On March 27, 2003 the Andover Probate Court  approved the distribution of Trust assets in accordance with the final accounting and the Affidavit of Closing, as evidenced by the Probate Court's acceptance of Plaintiff's Affidavit of Closing in accordance with Connecticut probate procedures. The Final Accounting and Affidavit of Closing are attached to the Fulco Affidavit as Exhibits B and C. The distributable share of George Negro from the Trust, which is the amount in dispute, has been fixed by the closure of the Andover Probate Court proceedings and consists of the Deposit Amount of $297,496.00 already on deposit

with this Court and $5,933.77, which is the final amount distributable to George Negro from the Joseph Negro Trust (the "Final Deposit") (exclusive of any fees and costs incurred by Plaintiff in this action). Plaintiff has incurred reasonable attorneys' fees and costs. A statement for said fees and costs in the amount of $1,811.14 is attached to the Fulco Affidavit as Exhibit D.

Plaintiff hereby moves this Court pursuant to Rule 67 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335 and § 2361 for an order (i) permitting her to deposit the Final Deposit of $ 5,933.77, less attorneys' fees and costs of $ 1,811.14 (a net amount of $4,122.63), into the registry of the Court; (ii) awarding her attorneys' fees and costs incurred in commencing the above-captioned interpleader from the Final Deposit; (iii) discharging her from any further liability with respect to the Final Deposit and the Deposit Amount (collectively, the "Deposited Funds") and (iv) enjoining Defendants from bringing any action against her concerning the Deposited Funds.

## I. PLAINTIFF SHOULD BE DISCHARGED FROM FURTHER PARTICIPATION IN THE INTERPLEADER ACTION

Once the requirements for interpleader are met, the court may discharge the stakeholder from further liability. New York Life Insurance Co. v. Connecticut Development Authority, 700 F2d 91 (2d Cir. 1983). Although not mandatory, normally an interpleader action is concluded in two stages, the first determining that the requirements of 28 U.S.C. § 1335 are met and relieving the plaintiff stakeholder from liability, and the second adjudicating the adverse claims of the defendant claimants. Id.

at 95, citing 3 A J. Moore & J. Lucas, *Moore's Federal Practice* paras. 22.14[1], [2] (2d ed. 1982).

All of the requirements of interpleader have been met as set forth in Plaintiff's Complaint. With the court's granting of this Motion, the entire amount in dispute will have been deposited into the registry of the court. Plaintiff makes no claim to the Deposited Funds, except for fees and costs associated with the filing of this interpleader action in the amount of $1,811.14. Plaintiff has no interest in which of the parties asserting adverse claims against the Deposited Funds recovers all or any proportion of those Deposited Funds. Accordingly, Plaintiff should be discharged from the lawsuit before this Court goes on to adjudicate the merits of the parties asserting claims against the Deposited Funds.

## II. THIS COURT HAS DISCRETION TO AWARD PLAINTIFF'S ATTORNEY FEES AND COSTS

The Second Circuit Court of Appeals has held that although there is no provision in the statutory interpleader, the court may exercise its discretion to award a plaintiff attorney's fees and costs from the stake itself. Septembertide Pub., B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989). Where a disinterested stakeholder, to avoid exposure to double or multiple liability, joins parties with adverse claims against it, deposits funds into court and seeks a discharge from liability, a court of equity may assess fees and costs in favor of the stakeholder. Id., citing 3 A. Moore's *Federal Practice* para. 2.16[2] (2d ed. 1989).

4

Plaintiff is a disinterested stakeholder who has deposited the disputed funds with the Court, concedes that she has no interest in the disputed funds, and seeks discharge from the litigation. The purpose of this action was to avoid exposure to further litigation and liability and was specifically authorized by the Andover Probate Court. Plaintiff has incurred attorneys' fees and costs to commence the above-captioned interpleader action in the amount of $1,811.14. By her Motion, Plaintiff seeks an award of these attorney's fees and costs from the Deposited Funds.

Plaintiff's fees and costs total $1,811.14. Her statement for services rendered to file this interpleader action is attached to the Fulco Affidavit. That statement details eleven (11) hours of legal work performed at an hourly rate of $150.00 and costs of $161.14. The interpleader was initiated in good faith and the fee requested is reasonable for the services performed on behalf of the stake. Accordingly, the Court should award plaintiff her attorneys' fees and costs.

## III.  THE DEFENDANTS SHOULD BE ENJOINED FROM FILING ANY ACTION AGAINST HER WITH RESPECT TO THE DEPOSITED FUNDS

Plaintiff respectfully requests that Plaintiff be discharged from any further liability with respect to the Deposited Funds and that this Court enjoin the Defendants from bringing any action against her with respect to these amounts. This interpleader is a statutory interpleader action pursuant to 28 U.S.C. § 1335. The federal statute applicable to this statutory interpleader grants specific authorization for an injunction after the stakeholder deposits stake, as follows:

[A] district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting an proceeding any State or United States court affecting the property, instrument[,] or obligation involved in the interpleader action until further order of the court.

28 U.S.C. § 2361,

A federal court is authorized to enjoin competing litigation concerning the right to the stake. Ashton v. Michael Paul Foundary, Inc., 918 F.2d 1065, 1072 (2d Cir. 1990). Section 2361 expressly authorizes injunctions in aid of federal interpleader and is clear legislative direction. Id.


For the foregoing reasons, Plaintiff requests that the Motion be granted in its entirety.


Dated this 1st day of August, 2003 at East Hartford, Connecticut.


                                   **Ann Kennedy Fulco, Successor Trustee**
                                   **Estate of Joseph Negro, Trust**

                                   By: _____
                                   Ann Kennedy Fulco, Esq.
                                   Attorney at Law
                                   35 Bancroft Road
                                   East Hartford, CT 06118
                                   (860) 206-0788
                                   Fax: (860) 206-0788
                                   Federal Bar Number: CT 24268

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ann Kennedy Fulco, Successor Trustee, Estate of Joseph Negro, Trust under will, for the benefit of Leontina Negro, et al., <br><br> Plaintiff <br><br> v. <br><br> George A. Negro and Andrew S. Richardson, Chapter 7 Trustee In re George A. Negro, Debtor, <br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 302 CV 2228 (RNC) <br><br> August 1, 2003 |

## AFFIDAVIT OF ANN KENNEDY FULCO IN SUPPORT OF SECOND MOTION FOR LEAVE TO DEPOSIT
## FUNDS INTO THE REGISTRY OF THE COURT AND FOR OTHER RELIEF

I, Ann Kennedy Fulco, of 35 Bancroft Road, East Hartford, CT 06118, being duly sworn do depose and say:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. I am an attorney admitted to the practice of law in the State of Connecticut since November, 1984. I am the duly appointed Successor Trustee of the Trust of Joseph Negro, appointed as such by the Andover Probate Court on March 22, 2002 and the plaintiff in the above-captioned action.

3. As Trustee of the Joseph Negro Trust, I received competing claims to the distributable share of George Negro of the Trust from Andrew S. Richardson, Bankruptcy Trustee for George Negro bankruptcy estate and from George Negro, individually.

4. I make this affidavit in support of a Second Motion for Leave to Deposit Funds into the Registry of the Court, for Attorneys' Fees and for Other Relief.

5. I filed my Final Accounting in the Andover Probate Court, reserving a sum for the payment of final expenses associated with the termination of the Trust, and requested Probate Court authorization to commence an interpleader action. The Final Accounting, attached hereto as Exhibit B, was approved and the commencement of an interpleader action was authorized by a Probate Court decree dated August 2, 2002, which is attached

hereto as Exhibit A. (That decree also authorized an increased reserve amount and costs of $150.00 for the interpleader filing fee, however, I reserved only the amount set forth as a Reserve on the Final Accounting and did not deduct the filing fee from the trust account.)

6. I commenced the above-captioned interpleader action in the United States District Court, District of Connecticut to deposit the amount distributable to George Negro from the Trust and to request the District Court's determination of the proper distribution of George Negro's interest in the Trust.

7. On December 19, 2002 I filed a motion to deposit the amount distributable to George Negro from the Trust and pursuant to this Court's order dated January 21, 2003 (Chatigny, J.) granting that motion in part, I made an initial deposit into the registry of the court in the amount of $297,496.00.

8. Subsequently, I filed the final tax returns for the Trust, made final distributions of the trust, and filed an Affidavit of Closing in the Andover Probate Court to conclude the probate proceedings. A copy of the Affidavit of Closing is attached hereto Exhibit C.

9. I have completed my duties as Trustee of the Joseph Negro Trust and total amounts distributable to George Negro from the Trust are fixed. The Affidavit of Closing was accepted by the Court on March 27, 2003.

10. The Final Accounting and the Affidavit of Closing set forth the total amounts distributable to George Negro from the Joseph Negro Trust and are all of the amounts in dispute. Those amounts are $ 297,496.00, the amount already on deposit with this Court, and $5,933.77.

11. I performed legal services and incurred legal fees and costs associated with the commencement of the interpleader action and with the deposit of the Trust property. The fees and costs are detailed in a statement, a copy of which is attached to this Affidavit as Exhibit D.

12. The total fees and costs sought to be paid from the interpleader are reasonable. The fees represent 11.0 hours of legal services at a rate of $150.00 per hour and costs in the amount of $150.00 interpleader filing fee and $11.14 postage for a total amount of $1,811.14. I request that these fees and costs be approved and deducted from the Final Deposit amount of $5,933.77, leaving a net amount of $ 4,122.63 to be deposited with this Court.

Ann Kennedy Fulco, Esq.

Subscribed and sworn to before me this 1st day of August, 2003

Commissioner of the Superior Court/Notary Public

**DIANNE M. BISI**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES DEC. 31, 2006

2C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2003 SEP 15 P 3: 46

US DISTRICT COURT
HARTFORD CT

Ann Kennedy Fulco, Estate of      :
Joseph Negro, Trust under will, :
for the benefit of               :
Leontina Negro, et. Al.,         :
                                 :
            Plaintiff,           :
                                 :
V.                               :    CASE NO. 3:02cv2228(RNC)
                                 :
George A. Negro and Andrew       :
Richardson, Chapter 7 Trustee    :
In re George A. Negro, Debtor,   :
                                 :
            Defendants.          :

<u>RULING AND ORDER</u>

Plaintiff's second motion for leave to deposit additional
funds into the registry of the court in the amount of $5,933.77,
for costs and attorney's fees in the amount of ·  il.14, for a
discharge from further liability, and for an order enjoining
defendants from bringing any action against her regarding the
deposited funds (Doc. #17) is hereby granted in the absence of
opposition, for good cause shown.

With regard to the request for costs and attorney's fees, an
award of attorney's fees is appropriate in an interpleader action
if: "(1) a disinterested stakeholder, (2) who had conceded
liability, (3) has deposited the disputed funds into court, and
(4) has sought a discharge from liability." <u>Septembertide
Publishing v. Stein & Day, Inc.,</u> 884 F.2d 675, 683 (2d Cir.
1989). If these four criteria are met, the court may disallow

attorney's fees if the plaintiff has acted in bad faith, with
unjustifiable delay or where the costs were incurred in the
ordinary course of business. See Johnson v. Electrolux Corp., 763
F. Supp. 1181, 1189 (D.Conn. 1991) (considering stakeholder's
good faith in awarding costs and attorney's fees); John Hancock
Mutual Life Ins. Co. v. Doran, 138 F. Supp. 47, 48 (S.D.N.Y.
1956) (concluding that company's laches in bringing interpleader
barred it from award of costs and counsel fees); 45 Am. Jur. 2d
Interpleader § 56, n.1 and cases cited therein (costs incurred in
ordinary course of business).

An award of costs and attorney's fees is appropriate in this
case. Plaintiff has conceded liability; there is no credible
claim that she is not a disinterested stakeholder; she has
deposited the funds into the registry of the court; and no one
alleges that she has acted in bad faith, with unjustifiable
delay, or incurred her costs in the ordinary course of business.

The award plaintiff requests is reasonable. Her affidavit
states that the amount requested, $1,811.14, represents eleven
hours of legal services at a rate of $150 per hour, plus an
interpleader filing fee of $150 and $11.14 in postage. The
services include preparing and filing the complaint and two
motions for leave to deposit funds and other relief. These
services were reasonably required. Accordingly, the amount
requested is hereby approved. See Septembertide Publishing, 884
F.2d at 683; 4 Moore's Federal Practice, § 22.06.

So ordered.

        Dated at Hartford, Connecticut this 15th day of September
2003.

                              _____
                                   Robert N. Chatigny
                              United States District Judge

Exhibit

C

$\mathcal{26}$

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT    **FILED**

2004 MAR 15  A 11: 48

ANN KENNEDY FULCO, SUCCESSOR    :
TRUSTEE, ESTATE OF JOSEPH NEGRO :
TRUST UNDER WILL FOR THE BENEFIT :
OF LEONTINA NEGRO,              :

      Plaintiff,                  :

                                    :

V.                              :    CASE NO. 3:02-CV-2228(RNC)

                                    :

GEORGE A. NEGRO, ANDREW         :
RICHARDSON, CHAPTER 7 TRUSTEE   :
IN RE GEORGE A. NEGRO, DEBTOR,  :

                                    :

      Defendants.                 :

### RULING AND ORDER

Plaintiff Ann Kennedy Fulco brought this statutory

interpleader action pursuant to 28 U.S.C. § 1335, seeking a

determination of whether defendant George Negro ("Negro") or his

bankruptcy estate is entitled to Negro's interest in a family

trust.  Defendant Andrew Richardson, the bankruptcy trustee

("bankruptcy trustee"), moves for summary judgment on the ground

that a prior determination by the bankruptcy court is binding.[1]

The motion is granted.

Background

Plaintiff was appointed by the Probate Court for the

District of Andover, Connecticut to act as successor trustee of a

---

[1]  The bankruptcy trustee argues in the alternative that
Negro's contingent interest in the trust became property of the
bankruptcy estate at the time that he filed for bankruptcy.
Because the bankruptcy court's prior determination is binding, it
is unnecessary to reach the alternate ground raised by the
bankruptcy trustee.

trust established by the will of Joseph Negro,  Negro's father.[2]
The trust designated Joseph Negro's wife, Leontina Negro, as a
life beneficiary, and was distributable upon her death to their
three sons, including Negro.

In 1993, Negro filed a bankruptcy petition in the United
States Bankruptcy Court for the District of Rhode Island, listing
his contingent interest in the trust on his schedule of assets.
(Def.'s Local Rule 56(a)(1) Stmt., Ex. 2, Sched. B.)  In 1997,
the bankruptcy trustee filed a motion in the bankruptcy court
seeking a determination of Negro's interest in the trust.
(Compl., Ex. B.)  The court granted the motion, determining
Negro's interest in the trust to be an asset of the bankruptcy
estate.

Leontina Negro died on February 5, 2002.  Shortly
thereafter, during probate court proceedings, Negro purported
to disclaim his interest in the trust established by his father's
will.  The bankruptcy trustee, in response to Negro's disclaimer,
filed a motion with the bankruptcy court seeking, in essence, a
reassertion of the court's earlier determination that Negro's
interest in the trust was an asset of the bankruptcy estate and
an order restraining Negro from interfering with the
administration of the bankruptcy estate.  The court granted the
motion and issued an order declaring its previous order final and
declaring Negro's purported disclaimer to be null and void.
(Compl., Ex. C.)  Plaintiff then brought this interpleader action

---

[2]    Joseph Negro died on September 9, 1968.

2

to obtain a resolution of the conflicting claims asserted by Negro and the bankruptcy trustee to Negro's share of the trust proceeds.

Discussion

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979). A judgment in a prior action collaterally estops parties from relitigating an issue if "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits. Carney v. Phillipone, 332 F.3d 163, 170-71 (2d Cir. 2003).

All four prongs of this test are satisfied. The bankruptcy court addressed the same issue presented here, whether Negro's contingent interest in the trust became property of the bankruptcy estate when he filed for bankruptcy. The issue was actually litigated and decided, there was a full and fair opportunity to litigate, and the court's decision was necessary to the eventual resolution of the bankruptcy action. The finality of the decision is not so obvious because it resolved only a part of the bankruptcy case. However, in the context of

3

the doctrine of collateral estoppel, finality "may mean little
more than that the litigation of a particular issue has reached
such a stage that a court sees no really good reason for
permitting it to be litigated again." Lummus Co. v. Commonwealth
Oil Refining Co., 297 F.2d 80, 89 (2d Cir. 1961), cert. denied,
368 U.S. 986 (1962). Whether a ruling is sufficiently final to
bar relitigation depends on "such factors as the nature of the
decision (i.e. that it was not avowedly tentative), the adequacy
of the hearing, and the opportunity for review." Id. There was
nothing tentative about the bankruptcy court's decision and its
order was appealable. See In re Saco Local Dev. Corp., 711 F.2d
441 (1st Cir. 1983)(discussing the more flexible concept of
finality for purposes of appeal in bankruptcy cases). Therefore,
the bankruptcy court's decision was sufficiently final for
collateral estoppel to apply.

Accordingly, the bankruptcy trustee's motion for summary
judgment is hereby granted.[3]

So ordered.

Dated at Hartford, Connecticut this 13th day of March 2004.

Robert N. Chatigny
United States District Judge

---

[3] Because the grant of summary judgment will dispose of the
entire action, it is unnecessary for the court to direct the
entry of final judgment pursuant to Fed. R. Civ. P. 54(b).

4

27

# UNITED STATES DISTRICT COURT

# FILED

## DISTRICT OF CONNECTICUT

2004 MAR 16  P 3: 36

U.S. DISTRICT COURT
HARTFORD, CT.

ANN KENNEDY FULCO, SUCCESSOR
TRUSTEE, ESTATE OF JOSEPH NEGRO
TRUST UNDER WILL FOR THE BENEFIT
OF LEONTINA NEGRO

        v.

CASE NO.  3:02CV2228 (RNC)

GEORGE A. NEGRO, ANDREW
RICHARDSON, CHAPTER 7 TRUSTEE IN
RE GEORGE A. NEGRO, DEBTOR

## JUDGMENT

This action having come on for consideration of the bankruptcy trustee's

motion for summary judgment before the Honorable Robert N. Chatigny, United

States District Judge, and

The court having considered the motion and the full record of the case

including applicable principles of law, and having filed a ruling and order granting

the motion, it is hereby

ORDERED, ADJUDGED and DECREED that judgment be and is hereby

entered in favor of the bankruptcy trustee Andrew Richardson.

Dated at Hartford, Connecticut, this 16th day of March 2004.

KEVIN F. ROWE, Clerk

By _Linda I. Kunofsky_
Linda I. Kunofsky
Deputy Clerk

EOD 3/16/04

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ann Kennedy Fulco, Successor Trustee, Estate of Joseph Negro, Trust under will, for the benefit of Leontina Negro, et al., <br> Plaintiff <br><br> v. <br><br> George A. Negro and Andrew S. Richardson Chapter 7 Trustee In re George A. Negro, Debtor, <br><br> Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> :    Civil Action No. 3:02 CV 2228 RNC |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the attached **MOTION FOR RELEASE OF MONIES IN REGISTRY OF COURT** on the persons listed below by first-class mail, postage prepaid.

Ann Kennedy Fulco, Esq.
35 Bancroft Road
East Hartford, CT 06118

George A. Negro
P.O. Box 2386
Westerly, RI 02891

George A. Negro
c/o Elderly Housing Complex
6 Sisk Drive
Pawcatuck, CT 06379

Linda C. Hadley, Esq.
Krasow, Garlick & Hadley
One State Street
Hartford, CT 06103

June 10, 2004                    _Pamela Ricciarelli_

5